**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IVAN PACHECO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2911-J |
| | ) | |
| KELLY DAVIS, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner, appearing pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging his state court conviction and detention at the James Crabtree Correctional Center. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin screened the Petition and issued a Report and Recommendation recommending dismissal without prejudice on grounds that (1) Petitioner's Immigration and Customs Enforcement (ICE) detainer does not entitle him to immediate transfer to ICE custody for a bond hearing and/or removal before his state sentence is complete and (2) challenges to Petitioner's state conviction must be raised in a 28 U.S.C. § 2254 petition. [Doc. No. 4]. Petitioner timely objected,[1] but does not address either finding; instead, he repeatedly argues that the Court is violating his constitutional rights by failing to address his challenges to his state court conviction. [Doc. No. 6]. This does not trigger de novo review. *See Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (holding that general objections are "wholly insufficient to alert this Court as to what legal or factual errors" are contained in the recommendation and do not trigger de novo review).

---

[1] Plaintiff's filing seeks to reopen the case under Fed. R. Civ. P. 59(e). [Doc. No. 6]. The Court has liberally construed it as an objection to the Report and Recommendation.

Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 4] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED without prejudice.[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.[3] A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make either showing and the Court denies the COA.

IT IS SO ORDERED this 18th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[2] Notably, the Court would reach the same decision on de novo review. *See Nieto v. Davis*, No. CIV-26-2250-SLP, 2026 WL 3330030, at *2 (W.D. Okla. Oct. 2, 2026) (holding that petitioner's ICE detainer did not entitle him to transfer from state correctional custody to ICE custody for a bond hearing and/or removal before the completion of his state sentence and finding that petitioner's challenges to his state court conviction must be raised in a § 2254 petition and not under § 2241), *adopted*, 2026 WL 3328104 (W.D. Okla. Nov. 3, 2026).

[3] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).